UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLES ROBINSON                                                                     PLAINTIFF

V.                                                  CIVIL ACTION NO. 3:24-CV-414-KHJ-MTP

SPIRE HOSPITALITY, LLC                                                              DEFENDANT

ORDER

This matter is before the Court sua sponte for jurisdictional purposes. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

This negligence case arises from when Plaintiff Charles Robinson "slipped and fell on water which had escaped the stall and [o]nto the floor of [his hotel] bathroom." Compl. [1-1] at 3–4. Defendant Spire Hospitality, LLC ("Spire") owned and operated the hotel where the accident occurred. *See id.* Robinson seeks damages for "[p]ast and future pain and suffering"; "[s]evere personal injury, including to his elbow"; "[p]ast and future medical billings, including surgery on his elbow"; "[m]ental and emotional stress"; and "[l]ost wages." *Id.* at 4.

Spire removed the case from Hinds County Circuit Court, invoking this Court's diversity jurisdiction. *See* Notice of Removal [1] ¶ 2. The Notice of Removal, however, does not establish the Court's subject-matter jurisdiction.

To begin, the Court cannot decide whether complete diversity exists because Spire does not identify the citizenship of AWH Management, LLC's members. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("[T]o establish diversity jurisdiction, a party 'must specifically allege the citizenship of every member of every LLC.'" (quotation omitted)).

Further, the Court cannot determine whether the amount-in-controversy requirement is satisfied. "In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citation omitted). "[B]are allegations [of jurisdictional facts] have been held insufficient to invest a federal court with jurisdiction." *Id.* (quotation omitted).

The face of the Complaint does not satisfy the amount-in-controversy requirement. Robinson does not allege a specific amount of damages, *see* [1-1] at 3–5, and Spire's Notice of Removal contains only bare allegations that the amount in controversy exceeds $75,000, *see* [1] ¶ 12. This is not enough. *See St. Paul Reinsurance Co.*, 134 F.3d at 1254 ("Conclusional allegations are insufficient to establish jurisdiction.").[1]

---

[1] Spire may remove the case again should another paper or pleading establish the jurisdictional requirements. *See Powell v. Target Corp.*, No. 3:16-CV-127, 2016 WL 4573974, at *3–4 (S.D. Miss. Sept. 1, 2016) (response to interrogatory was "other paper"); *Grayson v. Moncla Well Serv.*, 844 F. Supp. 2d 789, 793 (S.D. Miss. 2011) (same for settlement demand); *Ellis v. Piccadilly Rests.*, No. 3:11-CV-394, 2011 WL 8198686, at *3 (S.D. Miss. Sept. 26, 2011) (same for notice of default judgment).

Accordingly, the Court REMANDS the case to the Circuit Court of Hinds County.

SO ORDERED, this 18th day of July, 2024.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE